IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTIM ONE, <br><br> Plaintiff, <br> v. <br><br> COUNTY OF JEFFERSON, <br><br> & <br><br> JAMES ISAAC CRABTREE, <br><br> Defendants. | Case No.: 4:23-CV-00265 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff VICTIM ONE ("Plaintiff"), by and through her attorneys, and for her Complaint against Defendants states as follows:

### *INTRODUCTION*

1. This cause of action is related to the civil rights violations, physical abuse, sexual abuse, sexual harassment, and/or sexual discrimination (individually and collectively referred to hereafter as "abuse") of Plaintiff in 2021.

2. The abuse of Plaintiff was perpetrated by James Isaac Crabtree ("Crabtree").

3. Plaintiff is an adult female and resident of the Eastern District of Missouri.

4. Defendant County of Jefferson ("Jefferson") is a government entity created by, and established under, the laws of the State of Missouri. At all relevant times, Jefferson had the ability to control, direct, and correct the conduct of its employees and officials as

1

they performed their duties in furtherance of Jefferson's goals. Jefferson was also charged with the direction and supervision of employees and officials who were within its employ. Jefferson and its officials were responsible for creating and carrying out policies, practices, and customs of Jefferson.

5. Defendant Crabtree is a resident of the State of Missouri. At all times herein, Defendant Crabtree was appointed as an official of Jefferson. Specifically, Jefferson appointed Crabtree to be its Municipal Prosecutor. Crabtree was a Jefferson policy-maker empowered with creating, implementing, carrying out, and executing the policies, practices, and customs for Jefferson's handling of municipal prosecutions and/or disposing of alleged violations of Jefferson's ordinances, including criminal offenses.

6. At all times herein and for the acts described within this Complaint, Jefferson, its employees and officials, and Crabtree were acting under the color of state law. Crabtree is sued in his individual and official capacity.

7. In March 2021, Plaintiff was charged with numerous Jefferson municipal ordinance violations, including multiple charges of Driving While Revoked/Suspended. Crabtree, as Jefferson's prosecutor, was in charge of the handling of Plaintiff's prosecution.

8. On or about March 8, 2021, Crabtree invited Plaintiff to his office at Jefferson's office(s) / government building. Crabtree was at the building after-hours in the evening but was still acting in his official capacity. Crabtree escorted Plaintiff into the building through a side door. Crabtree escorted the Plaintiff onto the elevator and then into his municipal prosecutor office. Crabtree closed the door behind Plaintiff. Crabtree inquired about whether Plaintiff would like some alcohol. Plaintiff became increasingly nervous and suspicious about Crabtree and, as such, turned on the recording function

of her phone, which captured video and audio of her interaction with Crabtree. Crabtree began inquiring about Plaintiff's pending cases that Crabtree was handling as Jefferson's prosecutor. Crabtree also began inquiring about Plaintiff's personal life, including her financial situation and children. Crabtree began making comments about Plaintiff's physical attractiveness and her beauty. Crabtree began insinuating that he could make Plaintiff's criminal cases go away and be dismissed, as he continued to attempt to flirt with and make sexual/romantic/intimate advances towards Plaintiff. Crabtree also touted his ability as Jefferson's prosecutor to contact prosecutors from other venues/jurisdictions/governments to influence their handling of Plaintiff's cases that were pending in those venues/jurisdictions/governments. Plaintiff tried to nervously deflect Crabtree's advances by telling Crabtree that she was already in a romantic relationship and had a boyfriend. Undeterred, Crabtree responded that Crabtree was married, but that he was just looking for a casual sexual friend. Crabtree slipped approximately $300 into Plaintiff's purse. Plaintiff pushed back on Crabtree's advances in confusion and told Crabtree that she was "not a prostitute." Crabtree informed Plaintiff that he wanted to dismiss her cases in Jefferson, then continued his sexual advances, including asking if he could kiss Plaintiff. Crabtree coerced Plaintiff into kissing him. Crabtree began fondling her breasts, touching her vagina, and exposed his penis. Crabtree then masturbated. Plaintiff did not consent to the contact and was in fear for her safety and physical well-being while Crabtree sexually assaulted her. After Crabtree finished masturbating, Plaintiff left the building crying after finally being freed from Crabtree's office. Crabtree then dismissed Plaintiff's pending cases in Jefferson.

9. On numerous occasions between March 8, 2021 and April 20, 2022, Crabtree coerced Plaintiff into partaking in further sexual acts by threatening her and displaying his power as a Jefferson official and policy-maker, including but not limited to:

    a. Contacting prosecutors from other venues/jurisdictions/governments to influence decision-making on Plaintiff's pending cases with said prosecutors;

    b. Threatening to contact and/or carrying out contact with judges presiding over Plaintiff's pending cases for purposes of influencing the handling of Plaintiff's cases;

    c. Threatening fraudulent legal actions against Plaintiff;

    d. Contacting law enforcement officers that came into contact with Plaintiff, including directing/ordering the officers to do certain things to Plaintiff;

    e. Handling further Jefferson prosecutions and/or case applications regarding Plaintiff as a suspect/defendant; and

    f. Threatening use of, and actually using, his powers and capacities as Jefferson prosecutor.

10. On April 20, 2022, Crabtree was indicted by the United States of America for violating Plaintiff's civil rights / depriving Plaintiff of her civil rights under color of law, and also making false statements to the Federal Bureau of Investigation about his interactions with Plaintiff. *See United States of America v. James Isaac Crabtree,* U.S.D.C. E.D.MO, Case Number 4:22-CR00219. A true and accurate copy of the publicly filed indictment is attached hereto as Exhibit #1 and fully incorporated by reference.

11. On August 18, 2022, Crabtree pled guilty to the charges in the indictment. A true and accurate copy of the publicly filed Guilty Plea Agreement is attached hereto as Exhibit #2 and fully incorporated by reference.

12. The conduct described in this Complaint occurred in the Eastern District of Missouri.

13. Venue and jurisdiction are proper in this Court.

14. This Court has subject matter jurisdiction over the claims under federal law.

15. This Court has supplemental jurisdiction over the state law claims herein.

16. As a direct and proximate cause of Defendants' conduct, Plaintiff suffered the following damages:

    a. Physical pain and/or injury;

    b. Pain and suffering; and

    c. Emotional distress.

17. As a direct and proximate cause of Defendants' conduct, Plaintiff will suffer the following damages in the future:

    a. Emotional distress; and

    b. Pain and suffering.

**COUNT I – SEXUAL ASSAULT & BATTERY AGAINST CRABTREE**

18. Plaintiff restates all previous allegations as if fully set forth herein.

19. Crabtree's abuse of Plaintiff was intentional, offensive, unlawful, unjustified, and consisted of Crabtree having offensive physical contact with Plaintiff.

5

20. In that Crabtree's conduct was willful, criminal, intentional, malicious, and/or done with an evil motive, Crabtree is subject to punitive damages and Plaintiff requests an award of such punitive damages.

21. As a direct and proximate cause of Crabtree's conduct, Plaintiff suffered the following damages:

    a. Physical pain and/or injury;

    b. Pain and suffering; and

    c. Emotional distress.

22. As a direct and proximate cause of Crabtree's conduct, Plaintiff will suffer the following damages in the future:

    a. Emotional distress; and

    b. Pain and suffering.

WHEREFORE Plaintiff respectfully requests judgment in her favor and against Defendant Crabtree for compensatory damages for a fair and reasonable amount, for punitive damages, for pre-judgment interest and post-judgment interest, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT II – VIOLATION OF 42 USC § 1983 AGAINST CRABTREE

23. Plaintiff restates all previous allegations as if fully set forth herein.

24. Crabtree's conduct directed towards Plaintiff violated the following federal and Constitutional rights of Plaintiff:

    a. Equal Protection Clause of the 14th Amendment to the United States Constitution (right to be free from discrimination based on sex);

    b. Due Process Clause of the 14th Amendment to United States Constitution (right to bodily integrity and bodily liberty);

    c. Due Process Clause of the 14th Amendment to the United States Constitution (right to fair and impartial handling and process of prosecution); and

    d. 4th Amendment to the United States Constitution (right to be free from unreasonable bodily seizures).

25. Crabtree's conduct towards Plaintiff discriminated against her based upon sex.

26. Crabtree's physical conduct towards Plaintiff violated her right to bodily integrity and bodily liberty.

27. Crabtree's conduct, including his abuse of Plaintiff and also confining Plaintiff in his office, violated her right to be free from unreasonable bodily seizures.

28. Crabtree's abuse of the justice system to coerce Plaintiff and wrongfully wielding his official powers against her violated Plaintiff's due process rights.

29. Crabtree's violations of Plaintiff's federal and Constitutional rights constituted willful, wanton, conscious, and intentional choices by Crabtree.

30. Crabtree's violations of Plaintiff's federal and Constitutional rights were done with evil motive and malice.

31. At the time of Crabtree's actions, he was a state actor.

32. As a direct and proximate cause of Crabtree's violations of Plaintiff's clearly established federal and Constitutional rights, Plaintiff suffered the following damages:

    a. Physical pain and/or injury;

    b. Pain and suffering;

    c. Emotional distress; and

    d.  Economic damages, including treatment costs.

33. As a direct and proximate cause of Defendant Crabtree's conduct, Plaintiff will suffer the following damages in the future:

    a.  Emotional distress; and

    b.  Pain and Suffering.

34. In that Crabtree's conduct was willful, criminal, intentional, malicious, and/or done with an evil motive, Crabtree is subject to punitive damages and Plaintiff requests an award of such punitive damages.

35. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees.

WHEREFORE Plaintiff respectfully requests judgment in her favor and against Defendant Crabtree for compensatory damages for a fair and reasonable amount, for punitive damages, for pre-judgment interest and post-judgment interest, for her attorneys' fees, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III – ABUSE OF PROCESS AGAINST JEFFERSON AND CRABTREE

36. Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

37. As described above, Defendants issued numerous legal processes against Plaintiff in Jefferson's municipal court.

38. The issuance of legal process was done at the instigation of Defendants through Jefferson's prosecutor (Crabtree), Jefferson's municipal court, and the employees/officials of Jefferson.

8

39. Defendants' purpose in issuing the process was to permit Crabtree to act on his sexual proclivities, coerce Plaintiff, abuse Plaintiff, prey upon Plaintiff and other women, and utilize the power of process to control Plaintiff and women's behavior in general. The use of said process in such a fashion is illegal, improper, and a perverted use of the process.

40. In that Defendants' conduct was willful, criminal, intentional, malicious, and/or done with an evil motive, Defendants are subject to punitive damages and Plaintiff requests an award of such punitive damages.

41. As a direct and proximate cause of Defendants' abuse(s) of process, Plaintiff suffered the following damages:

    a. Physical pain and/or injury;

    b. Pain and suffering; and

    c. Emotional distress.

42. As a direct and proximate cause of Defendants' abuse(s) of process, Plaintiff will suffer the following damages in the future:

    a. Emotional distress; and

    b. Pain and suffering.

WHEREFORE Plaintiff respectfully requests judgment in her favor and against Defendant Crabtree and Defendant Jefferson for compensatory damages for a fair and reasonable amount, for punitive damages, for pre-judgment interest and post-judgment interest, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV – FALSE IMPRISONMENT AGAINST JEFFERSON AND CRABTREE

9

43. Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

44. As described above, Defendants detained and/or restrained Plaintiff against her will.

45. The detention and/or restraint was unlawful in that it was done to illegally abuse Plaintiff and deprive Plaintiff of her civil rights, as described in this Complaint.

46. In that Defendants' conduct was willful, criminal, intentional, malicious, and/or done with an evil motive, Defendants are subject to punitive damages and Plaintiff requests an award of such punitive damages.

47. As a direct and proximate cause of Defendants' conduct, Plaintiff suffered the following damages:

    a. Physical pain and/or injury;
    b. Pain and suffering; and
    c. Emotional distress.

48. As a direct and proximate cause of Defendants' conduct, Plaintiff will suffer the following damages in the future:

    a. Emotional distress; and
    b. Pain and suffering.

WHEREFORE Plaintiff respectfully requests judgment in her favor and against Defendant Crabtree and Defendant Jefferson for compensatory damages for a fair and reasonable amount, for punitive damages, for pre-judgment interest and post-judgment interest, for her costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT V – VIOLATION OF 42 USC § 1983 AGAINST JEFFERSON

49. Plaintiff restates all previous allegations as if fully set forth herein.

50. Prior to the abuse of Plaintiff and/or during the period in which Plaintiff was abused and her rights were violated, Jefferson was on prior actual notice that:

    a. Crabtree and/or other Jefferson employees and/or officials were abusing and sexually harassing women, and violating women's constitutional due process right to bodily integrity and liberty, constitutional right to be free from discrimination based on sex, right to be free from sexual harassment in public accommodations and/or from public employees/officials, and constitutional right to be free from unreasonable seizures.

    b. Numerous male Jefferson officials were utilizing their positions of power and sexually harassing and/or abusing women, including but not limited to, Crabtree, members of the Jefferson's law enforcement, Jefferson's public administrator and/or deputy public administrator, and other Jefferson officials/employees;

    c. Crabtree was utilizing his official powers to violate individuals' constitutional due process rights, including numerous women, under the color of state law, sexually harassing female defendants in Jefferson's court system, and sexually harassing women under the color of state law. For example,

        i. Crabtree illegally accessed databases for purposes of assisting individuals in prosecutions being handled by prosecutors of other venues/jurisdictions/courts/governments and/or attempting to illegally influence the decision-making by said prosecutors; and

  ii. Crabtree was carrying on, or attempting to carry on, multiple sexual conversations, including over text message and/or social media, with female Jefferson defendants that Jefferson and Crabtree were prosecuting, including requesting sexual, naked, and/or sexually salacious pictures in exchange for dismissal of charges;

  iii. Crabtree was constantly leaving his Jefferson office to have meetings with women outside of the office and during work hours, and then not returning for hours on end; and

  iv. Upon information and belief, in his official capacity and under the color of law, Crabtree interjected himself into the state-level prosecution of a female that he was also harassing, illegally accessed computer databases, and sought to influence the prosecution of the woman and/or the investigation into her conduct. Crabtree's actions were part of a quid pro quo scheme in which Crabtree sexually harassed and/or discriminated against the woman in his official capacity and under the color of law. Subsequently, the state-level prosecutors notified Jefferson officials and administration, which acknowledged the wrongful conduct of Crabtree, yet chose to take no remedial action.

51. Jefferson officials with the authority to take corrective measures were aware of the aforementioned conduct.

52. Jefferson consciously chose to remain deliberately indifferent to the civil rights violations, as alleged in Paragraph 50, and failed to take proper remedial/corrective

measures to cease the civil rights violations, including the violation of Plaintiff's civil rights.

53. Crabtree was an official and/or final policy-maker for establishing, creating, implementing, and executing policies, customs, patterns, and practices for the handling of Jefferson municipal prosecutions and handling of matters presented to the Jefferson municipal prosecutor for prosecution.

54. Crabtree's conduct was consistent with, and the result of, Jefferson's policies, patterns, practices, and customs for the treatment of women by Jefferson employees and/or officials.

55. Jefferson failed to adequately train Crabtree regarding proper conduct as a prosecutor and the handling of cases, suspects, and defendants, and proper conduct towards suspects and/or defendants, including on such topics as sexual harassment and inappropriate relationships, inappropriate boundaries, professionalism, due process rights, and case disposition.

56. As a direct and proximate cause of Jefferson's acts, omissions, failures to train, policies, patterns, practices, customs, and/or conduct, Plaintiff suffered the following damages:
    a. Physical pain and/or injury;
    b. Pain and suffering; and
    c. Emotional distress.

57. As a direct and proximate cause of Jefferson's acts, omissions, failure to train, policies, patterns, practices, customs, and/or conduct, Plaintiff will suffer the following damages in the future:
    a. Emotional distress; and

    b.  Pain and suffering and/or loss of earning capacity.

58. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant Jefferson for compensatory damages for a fair and reasonable amount, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interest as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

*Respectfully Submitted,*

*THE O'BRIEN LAW FIRM, PC*

BY: /S/ Grant C. Boyd
Grant C. Boyd #67362
The O'Brien Law Firm
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com

*Attorneys for Plaintiff*