**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| VICTIM ONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-00265-SPM |
| ) | |
| COUNTY OF JEFFERSON and ) | |
| JAMES ISAAC CRABTREE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Proceed Using Pseudonym. (Doc. 3). For the following reasons, the Court will grant Plaintiff's motion to proceed under a pseudonym but will deny Plaintiff's motion to use the specific pseudonym "Victim One."

### I. BACKGROUND

Plaintiff, a female adult, brings this action against Defendant James Isaac Crabtree and Defendant County of Jefferson. Plaintiff alleges that in March 2021, she was charged with numerous Jefferson County municipal ordinance violations, and that Defendant Crabtree, the municipal prosecutor of Jefferson County, was in charge of handling her prosecution. She alleges that Crabtree invited her to his office after hours to discuss her charges, where he sexually assaulted her and then dismissed her pending charges. She also alleges that on several other occasions between March 2021 and April 2022, Crabtree coerced her into further sexual acts through threats and displays of power as a Jefferson County official. She alleges that in April 2022, Crabtree was indicted by the United States of America for violating Plaintiff's civil rights and for making false statements to the Federal Bureau of Investigation about his interactions with Plaintiff, and that in August 2022, he pled guilty to the charges in the indictment. Plaintiff now asserts a claim of sexual

assault and battery against Crabtree, claims of violations of 42 U.S.C. § 1983 against Crabtree and Jefferson County, claims of abuse of process against Jefferson County and Crabtree, and claims of false imprisonment against Jefferson and Crabtree

## II. DISCUSSION

In the instant motion, Plaintiff asks the Court for permission to proceed using a pseudonym. Defendants did not file a response to the motion. At the Rule 16 Conference held on June 27, 2023, Defendants indicated that they did not oppose the use of a pseudonym but that they did object to the use of the specific pseudonym "Victim One."

"Neither the Eighth Circuit nor the Supreme Court has provided guidance regarding when a court should allow a plaintiff to proceed under a pseudonym." *Doe v. Washington Univ.*, No. 4:22-CV-01007-SRC, 2023 WL 1771111, at *1 (E.D. Mo. Jan. 20, 2023). "However, other courts considering the issue have looked to the Federal Rules of Civil Procedure as well as the common-law and First Amendment rights of access to courts." *Id.*

"[T]he Federal Rules of Civil Procedure do not contemplate the anonymity of parties." *G.C. v. Automated Benefit Servs., Inc.*, No. 4:22-CV-949 RLW, 2022 WL 4130796, at *1 (E.D. Mo. Sept. 12, 2022) (quoting *Doe v. Regis Univ.*, No. 1:21-CV-00580-NYW, 2021 WL 5056239, at *1 (D. Colo. Mar. 2, 2021)). Under Rule 10(a) of the Federal Rules of Civil Procedure, "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Additionally, under Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Thus, there is "a strong presumption against allowing parties to use a pseudonym." *Washington Univ.*, 2023 WL 1771111, at *1 (internal quotation marks omitted). "The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." *Roe v. St. Louis Univ.*, No. 4:08-CV-1474-JCH,

2009 WL 910738, at *3 (E.D. Mo. April 2, 2009) (quoting *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999)). *See also Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts."); *Washington Univ.*, 2023 WL 1771111, at *1 ("Pseudonymity also 'runs afoul of the public's common law right of access to judicial proceedings[.]'") (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

Despite the strong presumption against the use of pseudonyms, courts "have occasionally permitted plaintiffs to proceed under a pseudonym in exceptional circumstances—such as when the case involves 'limited matters of a sensitive and highly personal nature.'" *Washington Univ.*, 2023 WL 1771111, at *2 (quoting *G.C.*, 2022 WL 4130796, at *2). "In such cases, courts apply a balancing test, weighing a variety of (non-exclusive) factors to determine whether the plaintiff 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). These factors "include whether: (1) the plaintiff is challenging government activity, (2) the plaintiff is disclosing 'information of the utmost intimacy,' (3) the plaintiff risks criminal prosecution for the information alleged in the complaint, (4) the plaintiff would risk social stigma or physical threats, and (5) the plaintiff is particularly vulnerable." *Id.* (quoting *D.P. for Doe v. Montgomery County*, No. 19-CV-00038, 2019 WL 2437024, at *1 (E.D. Mo. June 11, 2019)). Also relevant is "whether the party defending against a suit brought under a pseudonym would be prejudiced." *A.L. v. Mexico Sch. Dist. No. 59*, No. 2:22-CV-00023-SEP, 2022 WL 2340540, at *1 (E.D. Mo. June 29, 2022) (internal quotation marks omitted).

After consideration of the above factors, the Court finds that Plaintiff "has a substantial

privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings," and thus that she should be permitted to proceed using a pseudonym. The allegations in the Complaint involve sexual assault and sexual coercion, which are "matters of a sensitive and highly personal nature" that involve "information of the utmost intimacy." As another judge in this district recently noted, "Courts regularly permit survivors of sexual misconduct to proceed anonymously." *R.P. v. Smith*, No. 4:22-CV-00874-SEP, 2022 WL 4130802, at *2 (E.D. Mo. Sept. 12, 2022) (citing *St. Louis Univ.*, 2009 WL 910738, at *2, & *Washington Univ.*, 2019 WL 11307648, at *1)). The Court also finds to no reason to believe that Defendants, who already know Plaintiff's identity, would be prejudiced by her use of a pseudonym, particularly in light of Defendants' statement at the Rule 16 conference that they do not object to the use of a pseudonym.

The Court next turns to the question of the specific pseudonym requested by Plaintiff. At the Rule 16 Conference, Plaintiff's counsel stated that he did not object to using the pseudonym "Jane Doe" instead of the pseudonym "Victim One." The Court agrees with the parties that Jane Doe would be a more appropriate pseudonym, as it avoids the possibility of prejudice to Defendants. Accordingly, the Court will deny Plaintiff's request to use this particular pseudonym and direct her to use the pseudonym Jane Doe.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed Using Pseudonym (Doc. 3) is **GRANTED IN PART** and **DENIED IN PART**. With regard to Plaintiff's request to proceed using a pseudonym, the motion is **GRANTED**. With regard to Plaintiff's request to use the specific pseudonym "Victim One," the motion is **DENIED**.

**IT IS FURTHER ORDERED** that no later than <u>**Wednesday, July 12, 2023,**</u> Plaintiff shall file an amended complaint using the pseudonym "Jane Doe."

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of June, 2023.

5